(30 App. Div. 494.)

BREWSTER v. WILSON et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

DIRECTING VERDICT.

    In an action to recover a commission for the purchase of certain property, plaintiff claimed that the contract provided for a purchase, either directly from the owner or by means of an option then outstanding in a third party. Plaintiff testified as to his service in the matter. Neither of the defendants was sworn as a witness, and there was no contradiction of plaintiff's story, except so far only as it was discredited by certain communications put in evidence which passed between plaintiff and defendant. *Held*, that it was error to refuse to submit to the jury the question whether plaintiff entered into the contract as testified.

Appeal from trial term, New York county.

Action by William F. Brewster against Richard T. Wilson and Richard T. Wilson, Jr. From a judgment in his favor rendered on a verdict, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John C. Tomlinson, for appellant.
Treadwell Cleveland, for respondents.

RUMSEY, J. The action was brought to recover for services alleged to have been rendered by the plaintiff for the defendants in connection with the purchase of a controlling interest in the Citizens' Street Railway, in the city of Detroit, in the state of Michigan. The complaint contained two causes of action: The first one to recover for services rendered the defendants on their employment in procuring certain information in regard to the property which was

finally purchased, by reason of which the plaintiff claimed to recover as a compensation and commission the sum of 5 per cent. on the purchase price, which was stated; while the second was a general count for work and labor done and services rendered by the plaintiff for the defendants in the same matter, containing also a special allegation of an agreement to pay the plaintiff's expenses while he was engaged in the work. Upon the trial the court held that the plaintiff was not entitled to recover anything for compensation for the services which he had performed, but that he was entitled to recover the expenses incurred by him in and about the employment. The plaintiff excepted to the ruling that he was not entitled to recover compensation. The case was sent to the jury to determine the amount which the plaintiff was entitled to recover for expenses, and upon the verdict rendered for him for that amount this judgment was entered. The plaintiff, in whose favor the judgment was entered, now takes this appeal, insisting that the judge erred in refusing to submit to the jury the question of the compensation to be awarded to him for work that he had done, and for that reason there should be a new trial.

The action was simply an action for work, labor, and services done and rendered by the plaintiff at the request of the defendants, and for which it was claimed that the defendants agreed to pay a reasonable compensation. The defendants did not swear any witnesses upon the merits of the case, and offered no testimony after the plaintiff's case was closed, except a letter written by the plaintiff, which it is claimed contradicted his testimony. Whether it did or not was, of course, a matter for the jury.

The defendants are partners, engaged in carrying on the business of bankers and brokers in the city of New York. They were evidently men of large wealth, and accustomed to undertake great enterprises. The plaintiff's story was that in the latter part of the month of April, 1894, he called upon the defendants in connection with the purchase of the Citizens' Street Railway of Detroit. He stated to them that he had recently had an interview with one Nevins, who had obtained an option upon the property of the railroad company, but the plaintiff thought that the option would probably fall through, because Nevins would not be able to carry out the purchase. He told the defendants what he knew about the property, and the reasons why he supposed the purchase would be a remunerative one, and furnished them, at that time, considerable information with regard to it. The interview was a long one, and was followed by another interview upon the same subject, in which the plaintiff again sought to impress upon the defendants the desirability of making the purchase of the property. The plaintiff stated that at that interview he told one of the defendants, with whom he was conversing, that if they purchased the property he would expect, as a remuneration for his services, a commission, and that he should also like a position in the company, to which he said that Mr. Wilson replied:

"Very well; this interests me very much, and I would like to have you obtain more accurate information in regard to it. You had better go to Detroit, and obtain from those friends you have spoken of full information,

and see what the state of the option is; and if that has expired, or you can get an option direct on those parties, get an option and report back to me."

Upon his cross-examination in regard to the same subject, the witness testified that he had recommended the purchase of the property by obtaining from Nevins the right to purchase under his option, or direct from the Detroit street-railway people, if Nevins' option fell through. He also stated that he said to Mr. Wilson that Nevins could not handle the option financially, and he tried to get Wilson to buy the property either of Nevins or in any other way; his idea being that he desired him to purchase the property, and he did not care whether he purchased it under the Nevins option or not. There was no denial of this story by either of the defendants, because neither of the defendants was sworn as witness upon the trial, and there was no contradiction of it, except so far, if at all, as the jury might have been entitled to discredit it by reason of the alleged discrepancies between the story of the witness and the communications put in evidence, which passed between the plaintiff and the defendants. Whether those communications tended to throw any doubt upon the truth of the story we express no opinion. If they did, it was for the jury to say so. There was therefore evidence which, if the jury belived it, would have warranted them in finding that the plaintiff, in the course of this interview with the defendants, proposed to get for them information as to the condition of the street-railway property in Detroit, and the advisability of its purchase, and the possibility of buying it, upon which the defendants might make up their minds whether they desired to buy it or not; and that he expected as pay for those services a reasonable commission; and that this proposition of his was assented to, and he obtained the information pursuant to his agreement. If the jury believed that, then they would have been justified in finding a verdict for the plaintiff for the fair value of those services, provided the plaintiff had proven to their satisfaction that the defendants purchased the railroad as the result of that information, and under the arrangement which was suggested by the plaintiff. The defendants insist that upon that branch of the case the plaintiff totally failed, because they say that it is conceded that Nevins took advantage of his option, and closed the contract of the purchase so far as he was concerned, so that the defendants, in the purchase of the road which they made, did not act in pursuance of the arrangement had in view at the time of the plaintiff's employment. That the defendants made the purchase there can be no doubt. That they took advantage of Nevins' option to enable them to make it, by acquiring from Nevins the right which he had after the completion of his option, is not denied. The plaintiff insists that the purchase was to have been made from the owners of the property directly if the Nevins option fell through, and by means of the Nevins option, if it became necessary to bring it about in that way, and there is some evidence in the case which would have warranted the jury in finding that that was the real understanding between the parties.

It is insisted by the defendants that the communications between the parties showed clearly that the Nevins option was not relied

upon; but the most that can be said upon that point is that a reading of the communications leaves it doubtful whether it was intended to purchase only in case the Nevins option fell through, or whether it was intended to purchase the property in whatever way the purchase could have been made, obtaining the Nevins option if necessary, if the defendants came to the conclusion, after receiving the plaintiff's report, that such a purchase would be a profitable speculation.   Whether it was intended to purchase in that way was clearly a question for the jury, upon all the evidence in the case; and, if the jury came to the conclusion that the purchase was finally made in any manner which was within the contemplation of the parties at the time the contract of employment of the plaintiff was entered into, the plaintiff would have been entitled to a verdict for his compensation, if they found that the contract was such as he claimed that it was.   We think, therefore, upon the whole case, that the learned justice erred in refusing to submit to the jury the question whether the plaintiff entered into the contract which he testified, and whether the contract of purchase was substantially made in the manner within the contemplation of the parties.

For this error the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur.